# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| ALEXANDER HOWELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 4:23-cv-687 RWS |
| | ) |
| BRIAN DAVIS, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion of Plaintiff Alexander Howell (prison registration number 1367452) for leave to commence this civil action *in forma pauperis*, or without prepayment of the filing fee.  ECF No. 3.  While incarcerated, Plaintiff has brought at least three civil actions in federal court that were dismissed as frivolous, malicious, or for failure to state a claim.  Accordingly, for the reasons discussed below, the Court will deny Plaintiff's motion for leave to proceed *in forma pauperis* and dismiss Plaintiff's complaint without prejudice, subject to refiling as a fully paid complaint.

Plaintiff is a transgender woman currently incarcerated at Potosi Correctional Center. She[1] is subject to 28 U.S.C. § 1915(g), which limits a prisoner's ability to obtain *in forma pauperis* status if he or she has filed at least three actions that have been dismissed as frivolous, malicious, or for failure to state a claim.  Section 1915(g) provides in relevant part:

> In no event shall a prisoner bring a civil action ... under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action ... in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

---

[1] Plaintiff uses female pronouns in reference to herself, so the Court will as well.

28 U.S.C. § 1915(g).  Section 1915(g) is commonly known as the "three strikes" rule, and it has withstood constitutional challenges.  *See Higgins v. Carpenter*, 258 F.3d 797, 799 (8th Cir. 2001).  Prisoners who have three strikes must prepay the entire filing fee in order for their case to proceed.  *Lyon v. Krol*, 127 F.3d 763, 764 (8th Cir. 1997).

Based on a review of cases filed by Plaintiff in this Court, Plaintiff had accumulated three strikes by the time she filed this action.[2]  In addition, Plaintiff has already had one action dismissed in this Court due to the three strikes rule.[3]  As such, pursuant to 28 U.S.C. § 1915(g), Plaintiff is not allowed to proceed *in forma pauperis* in this matter unless the "imminent danger" exception is applicable.  28 U.S.C. § 1915(g).

Pursuant to § 1915(g), an indigent inmate who has acquired three strikes may still file a lawsuit if he or she is under imminent danger of serious physical injury.  *Higgins*, 258 F.3d at 800.  This exception provides a "safety valve for the three strikes rule to prevent impending harms."  *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003).  However, for this exception to apply, an otherwise ineligible prisoner must be in imminent danger at the time of filing.  *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998).  Allegations of past imminent danger are not sufficient to trigger the exception to § 1915(g).  *Id*.  A plaintiff must plead "specific fact allegations of ongoing serious

---

[2] Plaintiff has had at least three prior cases dismissed by this Court as frivolous, malicious, or for failure to state a claim.  *See Howell v. Dep't of Just. Servs.*, No. 4:21-cv-1000-HEA (E.D. Mo.) (dismissed Oct. 29, 2021, for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)); *Howell v. Saint Louis City*, No. 4:21-cv-1430-NCC (E.D. Mo.) (dismissed Apr. 15, 2022, for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)); *Howell v. Gettinger*, No. 4:23-cv-464-CDP (E.D. Mo.) (dismissed May 12, 2023, for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)).

Although Plaintiff dated one page of her complaint "March 14, 2023," she dated multiple other pages as executed on "May 14, 2023" and the complaint was not received by the Court until May 24, 2023.  *See* ECF No. 1 at 1, 14, 16, & 18.  Furthermore, her factual allegations date into May 2023 and the information provided on her previous lawsuits details events which occurred in late April 2023.  *Id.* at 11 & 20-21.  Based on these dates, the earliest that Plaintiff could have delivered her complaint to prison authorities for mailing is May 14, 2023 – which was two days after she received her third strike.  *See Coleman v. Tollefson*, 575 U.S. 532, 539 (2015) (holding that a trial court dismissal counts as a strike when the decision is issued, not when any appeal of that decision is final, stating "a judgment's preclusive effect is generally immediate, notwithstanding any appeal").

[3] *Howell v. Paine*, No. 4:23-cv-465-SEP (E.D. Mo.) (dismissed Aug. 18, 2023, under 28 U.S.C. § 1915(g)).

2

physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury;" conclusory assertions of ongoing danger are insufficient. *Martin*, 319 F.3d at 1050.

Furthermore, the Sixth Circuit Court of Appeals has held that the "workable rule" in this context is that "[a] physical injury is 'serious' for purposes of § 1915(g) if it has potentially dangerous consequences such as death or severe bodily harm." *Gresham v. Meden*, 938 F. 3d 847, 850 (6th Cir. 2019). In addition, the use of the word "'physical' requires the inmate to connect the injury to concrete manifestations in the body as opposed to a purely emotional or psychological harm." *Id.* at 849. It is not enough for a plaintiff to allege that an incident caused "anxiety." *Id.*

Here, Plaintiff brings this action under 42 U.S.C. § 1983, complaining about multiple unrelated incidents which have occurred during her incarceration. ECF No. 1. However, the majority of Plaintiff's complaint seems to focus on her allegation that her rights were violated, as a transgender woman, when required strip searches were conducted on her by male staff. *Id.* at 15-16 ¶¶ 69-73, 75-76, 80. As for her listed injuries related to these cross-gender strip searches, Plaintiff states that she has suffered "problems of intentional and emotional distress" and "[e]xacerbation in depression, anxiety, fear, and bipolar disorder." *Id.* at 19. Plaintiff's other assertions pertain to alleged past incidents where force was used on her after she failed to comply with directives. *Id.* at 10-11 & 15-16 ¶¶ 74, 77-79.

Plaintiff does not assert that she is in imminent danger of serious physical injury and nothing in the complaint constitutes imminent danger of serious physical injury at the time of case filing. The injuries that Plaintiff alleges that she has suffered as a result of the "intrusive," cross-gender strip searches are purely emotional and psychological. They do not have potentially dangerous consequences such as death or severe bodily harm. *See Gresham*, 938 F. 3d at 849-50. In addition, the complained-of incidents of force occurred in the past, with no indication of ongoing

3

injury. Plaintiff has thus failed to demonstrate that the exception to the three-strikes provision in § 1915(g) is applicable to her. Therefore, the Court will deny Plaintiff's motion to proceed *in forma pauperis* and will dismiss this action without prejudice to Plaintiff refiling a fully paid complaint.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* [ECF No. 3] is **DENIED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice, subject to Plaintiff refiling a fully paid complaint. *See* 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel [ECF No. 5] is **DENIED as moot**.

**IT IS FINALLY ORDERED** that an appeal from this dismissal would not be taken in good faith.

A separate Order of Dismissal will be entered this same date.

Dated this 28th day of August, 2023.

                                                      RODNEY W. SIPPEL
                                                     UNITED STATES DISTRICT JUDGE